DETROIT UNITED RAILWAY *v.* CITY OF PONTIAC.

1. STREET RAILWAYS—FRANCHISE — EMINENT DOMAIN — INSTRUC-
TIONS.

Plaintiff owned and controlled a franchise to operate elec-
tric cars on certain streets of defendant city, which re-
fused to grant a petition for leave to build a passing
track 300 feet long on West Huron street between State
avenue and Franklin boulevard. In the franchise granted
to plaintiff railway company it was authorized to lay single
or double tracks on this and other streets with "all
necessary and convenient tracks for turnouts, side tracks,
switches," etc. The defendant opposed the location of
the switch on the ground that its location would endanger
the lives and limbs of school children, because it was
purposed to construct the turnout immediately in front
of city school buildings: the municipal defendant further
offered its consent to a location some distance away from
the objectionable place. The jury were instructed that
the question for them to determine was whether the in-
convenience to the public existed as claimed, because it
was dangerous to school children; and, if so, whether the
benefits to the company outweighed by a preponderance
of the evidence the dangers to school children and to
travelers on the streets; that, in order to answer the
question in the affirmative, they must find by a fair pre-
ponderance of the evidence that the benefits and additional
use of the company are such reasonably necessary ones as
fairly outweigh the dangers and inconveniences, if any,
claimed by the city. *Held,* that the charge was not sub-
ject to criticism and it was a proper sequence of the pre-
ceding instructions to the jury.[1]

2. SAME—EVIDENCE—STREETS.

It was not harmful for the court to grant a request to
charge of the plaintiff limited by the court's suggestion
that if the jury could see that it was applicable they

[1] On power of municipality to prevent laying an additional
track under a franchise originally granting the right to lay
double tracks, see note in 20 L. R. A. 126; 36 L. R. A. (N. S.) 850.

might use it, to the effect that the street cars of plaintiff had the same right to travel over the street as other vehicles.

3. SAME—WITNESSES—WEIGHT OF EVIDENCE.

Nor did the court commit reversible error in advising the jury that the testimony given by employees of the railway company was not to be given more weight on the question of safety of the school children than the statements of any other witnesses.

4. SAME—JURY—INSTRUCTIONS.

*Held,* that the charge of the court was not so argumentative as to prejudice the rights of plaintiff, and, though open to some criticism, fairly presented the issue to the jury.

Certiorari to Oakland; Smith, J. Submitted April 17, 1916. (Docket No. 52.) Decided December 21, 1916.

Mandamus by the Detroit United Railway against the city of Pontiac to compel respondent to grant permission to lay certain tracks in respondent's street. On the determination of issues of facts framed by stipulation and submitted to a jury, the writ was denied, and relator brings certiorari. Affirmed.

*James H. Lynch,* for relator.

*Andrew L. Moore,* City Attorney (*Aaron Perry,* of counsel), for respondent.

STEERE, J. Plaintiff, being the owner of a franchise to operate electric cars on certain of defendant's streets, petitioned the city commission for permission to construct a passing track, 300 feet long, on Huron street west, between State avenue and Franklin boulevard. The petition was denied by the commission, whereupon plaintiff petitioned the circuit court for a writ of mandamus to compel it to grant such permission. An order to show cause was issued and defend-

ant made answer thereto. Following this an issue was framed and the question of necessity for the side track was submitted by stipulation to a jury. They found it was not a necessity, and the writ was denied. We are now asked to review these proceedings upon certiorari.

Plaintiff's franchise authorized it to lay a single or double track on certain streets in the city of Pontiac, including Huron street west, "with all necessary and convenient tracks for turnouts, side tracks, switches," etc. Taking this as a basis of plaintiff's rights an issue was framed and submitted to the jury, as follows:

"Is the proposed side track asked for in this case on Huron street west, in said city between State avenue and Franklin boulevard, necessary and convenient?"

The plaintiff alleged in its petition and argued to the jury that the passing track was necessary to enable it to give adequate service to and from the lakes lying nearby, and to the residents in the western part of the city, on account of the greatly increased traffic to those locations within recent years.

The city commission opposed the location of the switch between State avenue and Franklin boulevard, for the reason that it would locate it immediately in front of its school buildings, and would thereby endanger the lives and limbs of several hundred school children, and further that a passing track at that point on a 35-foot pavement would be a menace to public travel thereon. It appeared that the commission did not oppose the construction of a passing switch (although it denied the necessity therefor), but opposed its location at the point requested, and offered, before the proceedings were begun, to permit plaintiff to locate it farther west and beyond the school buildings on said street.

All of the assignments of error relate to the charge of the court.

1. The jury were instructed that:

"Now, there is no dispute but that the proposed siding would be of some use to the company and more convenient, if that was the only question involved, there would be no need of your services here for four days, for the court would have been obliged to dispose of it long ago in favor of the company. The precise question is: Are there inconveniences to the public in locating the siding and switch points in that locality, as claimed by the city authorities, are they dangerous to school children involved, as claimed by the city?"

After so doing counsel claims it was error to instruct them as follows:

"If they are, do the benefits to the company outweigh by a preponderance of the evidence, the dangers to the school children, and to travelers on the streets, for, before you can properly answer the question 'Yes,' you must find, by a fair preponderance of the evidence, that the benefits and additional use of the company are such reasonably necessary ones as fairly outweigh the dangers and inconveniences, if any, claimed by the city."

The portion of the charge objected to appears to be a natural sequence of the portion which preceded it. If it were competent to show the convenience or inconvenience to the public and the danger to the school children which the proposed side track would cause, it was proper to use them in measuring the necessity therefor.

3. Plaintiff requested the instruction that:

"Some evidence has been introduced upon the part of the city tending to show that Huron street west has a largely increased number of automobiles since the paving was laid. In that connection I say to you that the automobiles have no superior right on Huron street west over the cars of the Detroit United Railway Company. Under the laws of this State the grant and the authority given by the ordinance referred to, the cars of the Detroit United Railway have the same right to travel over West Huron street as have automobiles or any other vehicles."

This request was given and followed by a statement that the court was unable to see how the request was applicable, but if the jury could see any application thereof to the issue they could apply it. The court then proceeded to restate the issue. We find no reversible error in the suggestion of the court.

4. In this assignment plaintiff complains of an instruction in which the court advised the jury that they were to take the law from the court and not from counsel on either side. He called their attention to the fact that all the testimony offered by plaintiff had been admitted, and that their attention had been called to all the things requested by plaintiff when they were viewing the premises. He then took issue with plaintiff's counsel upon certain propositions of law which he had argued in their presence on the previous day. Inasmuch as counsel does not point out specifically the error of which he complains, we shall refrain from considering it.

5. In response to plaintiff's contention the jury were instructed that:

"Another proposition: The statement of counsel, yesterday, in his request and his argument as to the weight to be given to the judgment of the employees of the road. That, because of their superior knowledge, their word should locate the switch. Now, I am willing to concede, and do concede, that upon mere matters of operation, as to what would be convenient and useful to the company, and how its cars could be expedited, and how the time could be kept regular their superior knowledge would give to their testimony more weight than other,"

The court then added the following comment:

"But when it comes to a question of whether it will inconvenience travel on that street, as to whether it will injure the safety of the children in the schools, and as to whether the city had the right to narrow that street or not, their testimony is of no more value than anybody else's."

This observation of the court is not claimed to be at variance with the fact. We think the propriety óf adding the comment was entirely one of discretion with the trial court.

7. This assignment has reference to a portion of the charge which covers two pages of the brief, and counsel has criticized only one statement therein, and that was the court's definition of the word "necessity." Both counsel argue that question, and there appears to be no disagreement between them as counsel for plaintiff announces in his reply brief. The court seems to have been in accord with them, and therefore it is unnecessary to consider it.

There is some general complaint running through counsel's brief in connection with these assignments that the court made statements that were not justified by the record, and that his charge was argumentative. We think it is true that some things were stated by the court which might have been properly omitted. This was quite likely due to the fact that court, counsel, and jury were all familiar with the *locus in quo.* And in that portion of the charge wherein the court disagreed with counsel's legal propositions, his language seems to be somewhat argumentative, but we are unable to say that there was any such impropriety either in his statements or in his charge as to amount to reversible error. The real issue was a simple one. Considerable testimony was taken bearing thereon, and the jury were given the proper test for determining it.

We think the conclusion of the jury is supported by the evidence, and that the order of the trial court should be affirmed, with costs to defendant.

STONE, C. J. and KUHN, OSTRANDER, MOORE, BROOKE, and PERSON, JJ., concurred. BIRD, J., did not sit.